TITUS v SHELBY CHARTER TOWNSHIP

Docket No. 189305. Submitted October 15, 1997, at Detroit. Decided November 25, 1997, at 9:40 A.M.

Wade Titus brought an action in the Macomb Circuit Court against Shelby Charter Township, alleging that the defendant violated the provisions of the Freedom of Information Act (FOIA) by refusing his request for any tape recording or transcript of a closed meeting of the township board of trustees at which the board heard testimony and considered the recommendation of the township's police chief that the plaintiff be discharged from his employment as a township police officer. The defendant argued that the requested records were exempt from disclosure under § 13(1)(d) of the FOIA, MCL 15.243(1)(d); MSA 4.1801(13)(1)(d), which exempts from the disclosure requirement records specifically exempted by statute, because § 7(2) of the Open Meetings Act (OMA), MCL 15.267(2); MSA 4.1800(17)(2), provides that the "minutes" of a closed meeting of a public body "are not available to the public." The court, George C. Steeh, J., granted summary disposition for the plaintiff, finding that the content of the minutes that were not available to the public pursuant to § 7(2) of the OMA was limited to those items set forth in § 9(1) of the OMA, MCL 15.269(1); MSA 4.1800(19)(1), which provides that the minutes show the date, the time, the place, the members present and absent, any decisions made in a meeting open to the public, and the purpose or purposes for which the closed session was held. Accordingly, the court found that the transcript of the closed session was not part of the minutes and was subject to disclosure. The defendant appealed by delayed leave granted.

The Court of Appeals held:

1. Section 9(2) of the OMA does not purport to be an exclusive listing of the information that may be contained in the minutes of a meeting. Rather, the language of that section, while requiring minutes to include, at a minimum, those items of information listed in the section, does not exclude from inclusion in the minutes of a public body other items of information. Accordingly, because a transcript of the proceedings of a closed session of a public body is part of the official record of the meeting, it is a part of the minutes of the session. Because the transcript of the proceedings of the closed session is part of the minutes of that session, § 7(2) of the

OMA makes the transcript not available to the public except when disclosure is ordered by a court.

2. Section 8(a) of the OMA, MCL 15.268(a); MSA 4.1800(18)(a), allows a public body to go into a closed session for deliberations concerning the dismissal of an employee, but § 3(2) of the OMA, MCL 15.263(2); MSA 4.1800(13)(2), requires that all votes and decisions be made in an open meeting. While the OMA draws a distinction between the deliberations and the decisions of a public body, it does not draw a distinction between that part of the deliberative process in which factual statements are made in the closed session to assist a public body in its understanding of the issues involved and the discussion of the members of the public body concerning those issues. Accordingly, the transcript of the testimony concerning the issue of the termination of the plaintiff's employment was part of the minutes of the closed meeting, which were not available to the public pursuant to § 7(2) of the OMA without a court order and were not subject to the disclosure requirements of the FOIA by reason of the exclusion provision of § 13(2)(d) of the FOIA.

Reversed.

STATUTES — OPEN MEETINGS ACT — MINUTES — CLOSED SESSIONS.

The items of information that may be included in the minutes of a closed session of a public body that are not available to the public pursuant to § 7(2) of the Open Meetings Act are not limited to those items set forth in § 9(1) of the act; a transcript of the proceedings of a closed session of a public body, including any testimony given before the body to assist the body in its deliberations, is part of the minutes that are not available to the public pursuant to § 7(2) of the act (MCL 15.267[2], 15.269[1]; MSA 4.1800[17][2], 4.1800[19][1]).

*James R. Andary, P.C.* (by *James R. Andary*), for the plaintiff.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Paul J. O'Reilly* and *David B. Viar*), for the defendant on appeal.

Amici Curiae:

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *Kenneth C. Sparks*), for Michigan Townships Association.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Don M. Schmidt*), for Michigan Municipal League Legal Defense Fund.

Before: MacKenzie, P.J., and Sawyer and Neff, JJ.

Per Curiam. Defendant township appeals by delayed leave granted from an order of the trial court granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). The Michigan Townships Association and the Michigan Municipal League have each filed, as an amicus curiae, a brief supporting the township. We reverse

The basic facts are not in dispute. Plaintiff was a police officer employed by defendant township. On March 30, 1994, the township board of trustees held a closed session to hear the testimony of various witnesses and to discuss whether plaintiff should be discharged as recommended by defendant's chief of police. The trustees then voted in open session to terminate plaintiff's employment.

Plaintiff subsequently demanded that the township turn over any tape recording or transcript associated with the March 30, 1994, closed session. The township denied the request, contending that the records were exempt from disclosure under § 7(2) of the Open Meetings Act (OMA), MCL 15.267(2); MSA 4.1800 (17)(2), and § 13(1)(d) of the Freedom of Information Act (FOIA), MCL 15.243(1)(d); MSA 4.1801(13)(1)(d). Section 13(1)(d) of the FOIA allows a public body to withhold from disclosure "[r]ecords or information specifically described and exempted from disclosure by statute." The relevant statute in this case, § 7(2) of the OMA, governing closed-session meetings of a public body, provides:

> A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session. These minutes shall be retained by the clerk of the public body, are not available to the public, and shall only be disclosed if required by a civil action . . . .

Plaintiff sued the township for violating both the FOIA and the OMA. The trial court determined that a transcript of the proceedings of the March 30, 1994, closed session was not part of the "minutes . . . not available to the public" under § 7(2) of the OMA and therefore was subject to disclosure. In reaching this result, the court reasoned that the "minutes" referred to in § 7(2) of the OMA consist only of those items specified in § 9(1) of the OMA, MCL 15.269(1); MSA 4.1800(19)(1). That section begins:

> Each public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held. The minutes shall include all roll call votes taken at the meeting.

The court also concluded that the closed-session minutes exemption of § 7(2) of the OMA applies only to deliberations and not to factual, nondeliberative information revealed during the closed session. The court therefore ruled that "factual testimony communicated from Township employees directly to the board . . . to-wit, testimony [heard at the March 30, 1994, closed session] relative to plaintiff's actions on the day at issue" was not exempt from disclosure. Accordingly, the township was required to supply a transcript of the testimony presented during the closed session, with the exception of certain specified passages.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The first criterion in determining intent is the specific language of the statute. Courts may not speculate concerning the probable intent of the Legislature beyond the words expressed in the statute. *Sanchez v Lagoudakis (On Remand)*, 217 Mich App 535, 540; 552 NW2d 472 (1996). When the language of the statute is clear and unambiguous, this Court should not look beyond the ordinary meaning of the statutory language in giving effect to the statute. However, if the statute is ambiguous, this Court must determine and give effect to the intent of the Legislature. *Shellum v Michigan Employment Security Comm*, 194 Mich App 474, 477; 487 NW2d 490 (1992). When two statutes cover the same general subject, they must be construed together to give reasonable effect to both, if at all possible. *House Speaker v State Administrative Bd*, 441 Mich 547, 568; 495 NW2d 539 (1993).

Applying these principles, we conclude that the transcript of the proceedings of the March 30, 1994, closed session is part of the minutes of the session and therefore is exempt from disclosure absent a court order. The plain and ordinary meaning of "minutes" of a meeting refers to the official record of the proceedings at a group's meeting. *Random House Webster's College Dictionary* (2d ed, 1995), p 837. Section 9(1) of the OMA does not purport to be an exclusive listing of the information that may be contained in minutes of a meeting. The requirement in the statute that the "minutes must show" certain items is properly read as a minimum requirement, but

not as excluding other information. We therefore hold that a transcript of the proceedings in a public body's closed session is part of the official record and, hence, part of the minutes of the session. As such, it is "not available to the public" under § 7(2) of the OMA unless disclosure is ordered by a court.

We next turn to the question whether the communications documented in a transcript of a public body's closed session must be further categorized as "deliberative" or "factual non-deliberative," with only "deliberative" information exempt from disclosure under § 7(2) of the OMA. We conclude that such a distinction has no statutory basis. Section 8 of the OMA allows a public body to go into closed session for deliberations with respect to certain subjects, including the dismissal of an employee. See MCL 15.268(a); MSA 4.1800(18)(a). While these deliberations may take place in closed session, all actual votes and decisions must be made in an open meeting. MCL 15.263(2); MSA 4.1800(13)(2). Thus, the OMA makes a distinction between a public body's deliberations and its decisions. It does not, however, classify the content of the communications that take place during the deliberation process as either factual or deliberative.

In this case, the testimony of the witnesses at the March 30, 1994, closed session, as well as the dialogue between board members during the session, may be said to be part of the process of deliberating whether to terminate plaintiff's employment. The minutes of the closed session include the transcript of the proceedings, without regard to whether the communications transcribed were factual statements provided to help the board make an informed decision or were part of board members' actual deliberations. As

such, the transcript is exempt from disclosure under § 7(2) of the OMA and may not be obtained by plaintiff without a court order.

Reversed.