KITCHEN v FERNDALE CITY COUNCIL

Docket Nos. 224374, 226378. Submitted January 7, 2002, at Detroit.
    Decided September 20, 2002, at 9:10 A.M.

    Michael Kitchen, William Legault, and Lee Ann O'Connor, respectively
the police chief, fire chief, and city clerk of the city of Ferndale,
brought an action in the Oakland Circuit Court against the Fern-
dale City Council, Charles Goedert, Daniel P. Christ, Howard Shif-
man, and the individual members of the city council, alleging viola-
tion of the Open Meetings Act (OMA), MCL 15.261 *et seq.*, as a result
of Goedert, the Ferndale mayor's, having recorded on audiotapes a
closed session of a city council meeting relating to personnel evalu-
ations of the plaintiffs and having given the audiotapes to Christ,
the city's attorney, who in turn gave a copy of the tapes to Shifman,
the city's labor attorney, pursuant to a vote of the city council
taken at a subsequent open meeting. Goedert thereafter delivered
to the city clerk a sealed set of what were described by Goedert as
the minutes of the closed session. The plaintiffs' complaint alleged
that the audiotapes were part of the minutes of the closed session
and claimed that Goedert had violated the OMA by having tape-
recorded the closed session without having been formally desig-
nated as secretary, by having taken the tapes home rather than
depositing the tapes with the city clerk for retention, and, along
with Christ and Shifman, by having disclosed the minutes of the
closed session in the subsequent open meeting of the city council.
The court, Rudy J. Nichols, J., granted summary disposition for the
defendants with respect to the first and third claims, but granted
summary disposition for the plaintiffs with respect to the second
claim, holding that the audiotapes were a part of the minutes of the
closed session and should have been deposited with the city clerk.
The court thereafter denied the plaintiffs' motion for costs and
attorney fees, holding that an award of costs and fees was not war-
ranted because, although the tapes should have been filed with the
city clerk, the defendants had not violated the OMA and because the
OMA does not address audio recordings. The defendants appealed
the order granting partial summary disposition to the plaintiffs
(Docket No. 224374). The plaintiffs appealed by leave granted the
order denying the motion for costs and attorney fees (Docket No.
226378). The appeals were consolidated.

The Court of Appeals *held*:

1. Subsection 7(2) of the OMA, MCL 15.267(2), provides that the minutes of a closed session of a public body are to be retained by the clerk of that public body. Subsection 9(2) of the OMA, MCL 15.269(2), provides that the minutes of a public body are public records. The OMA does not specifically mention whether audiotapes of a closed session of a public body are part of the body's "minutes." However, because the term "public record" is broad enough to encompass more than simply writings, it is appropriate to determine the Legislature's intent in using those terms by considering the definition of public record contained in the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, which has the common purpose with the OMA of manifesting the state's public policy favoring public access to government information.

2. Subsection 2(e) of the FOIA, MCL 15.232(e), provides that a public record is a writing prepared in the performance of an official function, and subsection 2(h) of the FOIA, MCL 15.232(h), provides that a writing includes every means of recording, including specifically sounds and magnetic tape. An audiotape recording of a meeting of a public body would be a public record within the meaning of the FOIA and, accordingly, should be considered a public record for purposes of the OMA. Therefore, the trial court properly held that the audiotapes were part of the minutes of the closed session of the city council and, pursuant to MCL 15.267(2), should have been given to the city clerk for retention, and properly ordered the defendants to file the audiotapes of the closed session with the city clerk. Requiring the retention of audiotapes as well as any written minutes for the year-and-a-day retention period mandated by the OMA will not place an onerous burden on the clerk of a public body.

3. Subsection 11(4) of the OMA, MCL 15.271(4), states that a person who succeeds in obtaining injunctive relief in an action to compel a public body to comply with the OMA "shall recover court costs and actual attorney fees." Because the court's granting of the plaintiffs' requested injunctive relief necessarily included a finding that the defendants' violated the OMA, despite the court's statement to the contrary, the court erred in denying the plaintiffs' motion for costs and attorney fees.

Affirmed in part, reversed in part, and remanded.

1. RECORDS — OPEN MEETINGS ACT — CLOSED SESSIONS — MINUTES — AUDIO RECORDINGS.

An audio recording of a closed session of a public body is a public record of the closed session and constitutes a part of the minutes of the session that must be filed for retention by the clerk of the

public body in accordance with the provisions of the Open Meetings Act (MCL 15.267[2]).

2. COSTS — ATTORNEY FEES — OPEN MEETINGS ACT — INJUNCTIVE RELIEF.

Costs and actual attorney fees must be awarded to a plaintiff who succeeds in obtaining in an action against a public body injunctive relief compelling compliance or enjoining noncompliance with the provisions of the Open Meetings Act by the public body (MCL 15.271[4]).

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Janet S. Drumm*) for the plaintiffs.

*Beier Howlett, P.C.* (by *Lawrence R. Ternan*), and *Adkison Need, PLLC* (by *Gregory K. Need*), for the defendants.

Before: TALBOT, P.J., and SMOLENSKI and WILDER, JJ.

WILDER, J. In these consolidated appeals arising from claims under the Open Meetings Act (OMA), MCL 15.261 *et seq.*, defendants appeal as of right from the trial court's order granting partial summary disposition for plaintiffs, and plaintiffs appeal by leave granted the trial court's order denying plaintiffs' request for attorney fees and costs. We affirm the order granting summary disposition for plaintiffs, reverse the order denying attorney fees and costs, and remand.

## I. FACTS AND PROCEEDINGS

This case involves a dispute between various appointed and elected officials of the city of Ferndale. Plaintiff Michael Kitchen is the police chief. Plaintiff William Legault is the fire chief. Plaintiff Lee Ann O'Connor is the city clerk. Defendant Charles Goedert is the mayor. Defendants Jonathan Warshay, Robert J. Paczkowski, Robert G. Porter, and Geraldine Kulick

are councilpersons. Defendant Daniel P. Christ is the city attorney. Defendant Howard Shifman is the city's labor attorney.

The dispute arose following a closed session of the Ferndale City Council, which was held to conduct periodic personnel evaluations of city council appointees including all three plaintiffs. Plaintiffs requested a closed hearing pursuant to MCL 15.268(a). During the afternoon before the closed hearing, defendant Goedert told the city manager's secretary that he would be taping the closed session and asked her to have equipment and tapes ready. That evening, a regular open session of the city council was held. Karen Pedro, the deputy city clerk, was present for the open meeting and was directed by defendant Goedert not to attend the closed session. She returned when the open session reconvened. Defendant Goedert, who, according to defendants, "taped the meeting for his own purposes, not as an official record," gave possession and control of the tapes to defendant Christ.

Three days later, the Ferndale City Council conducted an open meeting in which defendant Christ stated that he received the tapes of the closed session and was sending a copy to defendant Shifman in order to obtain advice about any outstanding labor issues. Subsequently, the Ferndale City Council moved to schedule the completion of personnel evaluations of appointees including plaintiffs. Shortly thereafter, defendant Goedert filed with plaintiff O'Connor a sealed set of what Goedert described as the minutes of the closed session meeting.

Plaintiffs filed a complaint alleging that defendants violated the OMA after defendant Goedert took possession of four tapes of the closed session, did not give

the tapes to the city clerk or deputy clerk, and, instead, gave them to defendants Christ and Shifman. Plaintiffs asked the trial court to order that the tapes be turned over to plaintiff O'Connor, to enjoin defendants from further noncompliance with the OMA, to award plaintiffs costs and attorney fees, and to assess exemplary damages of $500 against defendants Goedert and Christ for their intentional violations of the OMA.

Defendants filed a motion for summary disposition, pursuant to MCR 2.116(C)(8) and (C)(10), arguing that (1) defendants had complied with the requirements of the OMA that provide that separate minutes of a closed session be retained by the city clerk, (2) the OMA does not require that defendant Goedert's tapes of the closed session be preserved or maintained by the city clerk, and (3) sending copies of the tapes to Ferndale's attorneys is not a disclosure of the minutes to the public, but rather is a protected disclosure consistent with attorney-client privileged communications and is permissible under the OMA.

Plaintiffs filed a response to defendants' motion for summary disposition and filed their own motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). Plaintiffs first argued that defendant Goedert violated the OMA by tape-recording a closed session of the Ferndale City Council without formally being designated as secretary. The Ferndale Code provides that the city clerk shall keep and sign the record of the council's proceedings. However, plaintiff O'Connor could not record the minutes of her own personnel evaluation, and rather than have the deputy clerk assume plaintiff O'Connor's duties, defendant Goedert tape-recorded the session himself.

Plaintiffs argued that this was a violation of the OMA provision requiring the minutes of a closed session to be taken by the clerk or the designated secretary of the public body.

Plaintiffs also argued that defendant Goedert violated the OMA provision that minutes be retained by the clerk and not be made available to the public when he took the tapes home with him rather than depositing them with the proper city official. In addition, plaintiffs argued that defendants Goedert, Christ, and Shifman violated the OMA by publishing and disclosing the minutes of a closed session of the Ferndale City Council, contrary to the OMA provision that permits minutes of closed session meetings to be disclosed only if required by a trial court's order in a civil action.

Defendants filed a response opposing plaintiffs' motion for summary disposition, arguing that because the OMA requires that closed session minutes need only reflect the date, time, place, attendance, and purpose of the meeting and does not specify a time limit or a procedure for designating a secretary if the city clerk is not present, defendant Goedert's delivery of sealed minutes of the session in question was in full compliance with the OMA.

Defendants further argued that they did not publish the minutes of a closed session in violation of the OMA for three reasons: (1) the tapes were not minutes, (2) the city attorney and labor counsel are not "the public," and (3) the OMA does not abrogate the attorney-client privilege.

The trial court granted summary disposition in favor of defendants on plaintiffs' claim that defendant Goedert violated the OMA by designating himself to

take the minutes. The trial court also granted summary disposition in favor of defendants on plaintiffs' claim that defendants violated the OMA by publishing and disclosing the minutes of a closed session. The trial court found that the council appropriately voted in an open session to send the tapes to defendant Shifman, the city's labor attorney, who is obligated by the attorney-client privilege to maintain the confidentiality of the information contained on the tapes. The trial court granted summary disposition in favor of plaintiffs on their claim that defendant Goedert violated the OMA by taping the closed session and taking the tapes home with him. The trial court held that the tapes of the session were part of the minutes that must be deposited with the city clerk. Finally, the trial court also denied plaintiffs' request for injunctive relief finding that the relief was unnecessary because the council made a good-faith effort to comply with the OMA. The court asked for supplemental briefs on the issue of costs and fees.

Plaintiffs filed a supplemental brief in support of their request for costs and attorney fees pursuant to MCL 12.271(4), claiming that they were entitled to fees and costs because the trial court granted summary disposition of part of plaintiffs' claim under the OMA. Plaintiffs asked for $9,483.75 in attorney fees and $466.75 in costs. Defendants filed a brief in opposition to plaintiffs' motion for costs and attorney fees, arguing that the court should deny plaintiffs' motion for attorney fees because (1) the OMA does not specify a time frame for tapes to be submitted to the clerk to be retained along with the minutes, (2) there is no precedent for requiring public bodies to retain tapes of meetings along with the minutes of a meeting, and

(3) the OMA's policy for retaining minutes and tapes was followed and, thus, there was substantial compliance in the safekeeping and retention of the tapes.

Before the trial court ruled on the pending motion for costs and attorney fees, defendants filed a motion for reconsideration of the trial court's ruling that the tapes of the closed session constituted minutes under the OMA. Defendants argued that the trial court incorrectly relied on and misquoted *Titus v Shelby Charter Twp*, 226 Mich App 611; 574 NW2d 391 (1997), which held that a transcript of a closed session is part of the official record of the session and thus part of the minutes of the session. Defendants also argued that the OMA does not impose a time limit on providing minutes to the city clerk and that requiring tapes to be filed with the city clerk would be an undue burden on public bodies that was not envisioned by the Legislature. The trial court denied defendants' motion, stating that "it is undisputed that Mayor Goedert decided to take the minutes. The fact that he chose to transcribe by way of recordation does not affect this Courts [sic] result where, as here, that recordation was intended to serve as the minutes or official record of the proceeding."

The trial court also denied plaintiffs' motion for costs and attorney fees, clarifying that, although it ordered that the tapes be filed with the city clerk, it did not find that defendants had violated the OMA. The court pointed out that the OMA does not address audio recordings for closed sessions, that case law on the issue "is likewise sparse," and that, accordingly, the award of costs and fees was not warranted under MCL 15.271(4).

II. STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *In re MCI Telecommunications Complaint*, 460 Mich 396, 413; 596 NW2d 164 (1999).

III. VIOLATION OF THE OPEN MEETINGS ACT

Defendants argue that the trial court erred in granting partial summary disposition to plaintiffs. We disagree.

The relevant portions of the OMA provide:

(1) Each public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held. The minutes shall include all roll call votes taken at the meeting. . . .

(2) Minutes shall be public records open to public inspection and shall be available at the address designated on posted public notices pursuant to section 4. Copies of the minutes shall be available to the public at the reasonable estimated cost for printing and copying. [MCL 15.269.]

A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session. These minutes shall be retained by the clerk of the public body, are not available to the public, and shall only be disclosed if required by a civil action[.] [MCL 15.267(2).]

Our primary goal in interpreting a statute is to ascertain and give effect to the Legislature's intent in drafting the statute. When the statutory language involved appears clear and unambiguous on its face, we must presume that the Legislature intended the meaning it plainly expressed; judicial construction is neither permitted nor required, and we must enforce

the statute as written. *Pohutski v Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002); *In re MCI, supra* at 411. "[C]ourts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Pohutski, supra* at 683. Courts must accord the words of a statute their plain and ordinary meanings and should look beyond the statutory language itself to ascertain legislative intent only when the statutory language appears ambiguous. *Id.*; *In re MCI, supra.*

The question before us is whether an audiotape of a closed session meeting of a public body is part of the minutes of the session meeting and thus is required to be filed with the clerk of the public body for retention as specified by MCL 15.267(2). Applying principles of statutory interpretation, we conclude that the audiotape at issue is part of the minutes of the closed session and therefore must be filed with the clerk.

Defendants argue that because audiotapes are not specifically referenced in the OMA, they cannot constitute part of the minutes within the meaning of the act. The fact that audiotapes are not mentioned in the OMA is not dispositive. We note that the terms "minutes" and "public record" are not defined in the OMA. As we found in *Titus, supra* at 615, "[t]he plain and ordinary meaning of 'minutes' of a meeting refers to the official record of the proceedings at a group's meeting. *Random House Webster's College Dictionary* (2d ed, 1995), p 837." "Public" means "open to all persons." *Random House Webster's College Dictionary* (2d rev ed, 2001), p 1070. "Record" means "an account in writing *or the like* preserving the memory or knowledge of facts or events," and "information or

knowledge preserved in writing *or the like." Id.* at 1104. (emphasis added) Because the plain meaning of the term "record" encompasses more than simply writings, and because the extent of this broader meaning is not clear, we conclude that the term "minutes" is ambiguous and that judicial construction of the term is required.

Where statutory language is ambiguous, our first duty is to discern the legislative intent underlying the ambiguous words. *Crowe v Detroit,* 465 Mich 1, 13; 631 NW2d 293 (2001). We ascertain the legislative intent of ambiguous statutory language through reasonable inference from the words expressed in the statute. *State Farm Fire & Casualty Co v Old Republic Ins Co,* 466 Mich 142, 146; 644 NW2d 715 (2002). In addition, statutes having a common purpose should be read to harmonize with each other in furtherance of that purpose. *Manning v East Tawas,* 234 Mich App 244, 249; 593 NW2d 649 (1999).

The Freedom of Information Act (FOIA), MCL 15.231 *et seq.,* mandates a policy of full public disclosure of information regarding the formal acts of public officials and employees, *Booth v Univ of Michigan Bd of Regents,* 444 Mich 211, 231; 507 NW2d 422 (1993). Similarly, the purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern. *Id.* Because it is clear and indisputable that the OMA and the FOIA have a common purpose, manifesting this state's public policy favoring public access to government information, *id.,* MCL 15.231 *et seq.,* MCL 15.261

*et seq.*, we therefore look first to the FOIA for guidance in interpreting the term "minutes."

MCL 15.232(e) of the FOIA provides that " '[p]ublic record' means a writing prepared . . . in the performance of an official function, from the time it is created." MCL 15.232(h) provides that " '[w]riting' means handwriting, typewriting, printing, photostating, photographing, photocopying, and every other means of recording, and includes . . . sounds, or symbols, or combinations thereof, and . . . magnetic or paper tapes, . . . or other means of recording or retaining meaningful content." It is apparent that the audiotape at issue would be considered a public record within the meaning of the FOIA. Because minutes are public records within the meaning of the OMA, and because the term "public records" as used in the OMA should be interpreted so as to be in harmony with the common purpose of the OMA and the FOIA, we conclude, consistent with the legislative intent expressed in both the OMA and the FOIA, that the audiotape at issue in this case is part of the minutes of the closed session meeting.

We disagree with defendants' assertion that our conclusion that audiotapes of meetings are minutes places an undue storage burden on the clerk of the public body responsible for maintaining the minutes. Defendants claim, without any support in the record, that the clerks of most public bodies maintain audiotapes of public meetings only until written minutes are prepared. To the extent defendants' claim in this regard is correct, nothing in our opinion would interfere with such a practice because while MCL 15.269 of the OMA requires a public body to keep minutes, it does not require that multiple sets of the minutes of

public meetings be kept and maintained for any specific length of time. Thus, once the written minutes of public meetings are officially adopted by the public body, nothing in the OMA would require the public body to continue to maintain the audiotapes of the public meetings.

With respect to minutes of closed session meetings, however, MCL 15.267 expressly provides that any minutes generated be retained by the clerk for at least one year and one day after approval of the minutes of the meeting at which the closed session was approved, after which the minutes may be destroyed. We find nothing onerous in requiring that public bodies retain the written and audio accounts of those rare occasions in which the public body meets in closed session, as required by law.

Therefore, the trial court did not err in ordering defendants to file the audiotapes of the closed session with the city clerk.

### IV. ATTORNEY FEES AND COSTS

Plaintiffs argue that the trial court erred in denying their motion for attorney fees and costs. We agree. MCL 15.271(4) provides:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

Costs and fees are mandatory under the OMA when the plaintiff obtains relief in an action brought under the act. *Id.*; *Manning, supra* at 253-254. Here, plain-

tiffs claimed, inter alia, that defendants violated the OMA by failing to file the audiotapes of the closed session with the city clerk. While the trial court ordered defendants to file the tapes with the clerk, it found in a subsequent written opinion that defendants had not violated the OMA. This ruling was erroneous. The fact that the trial court granted plaintiffs the relief they sought necessarily includes a finding of a violation of the OMA. *Id.* Further, the plain language of the statute simply states that plaintiffs need only "succeed[] in obtaining relief in the action" in order to recover court costs and attorney fees. MCL 15.271(4). Because plaintiffs clearly succeeded in obtaining relief in the action, the trial court clearly erred in denying their request for attorney fees and costs.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.