# STATE OF MICHIGAN

# COURT OF APPEALS

JASON ANDRICH,

Plaintiff-Appellant,

v

DELTA COLLEGE BOARD OF TRUSTEES,

Defendant-Appellee.

UNPUBLISHED
June 5, 2018

No. 337711
Saginaw Circuit Court
LC No. 16-031550-CZ

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

In this action under the Open Meetings Act (OMA), MCL 15.261 *et seq*., plaintiff appeals as of right the trial court's opinion and order granting defendant summary disposition. We reverse in part and remand for further proceedings.

This case arose out of defendant's practice of calling for a closed session to discuss with its counsel "specific pending litigation," without identifying the specific case it would be discussing, and then returning to an open session to pass a motion to accept its counsel's recommendation, without any indication regarding to what that recommendation pertained. Plaintiff brought suit in November 2016, identifying two meetings, on July 2, 2013, and October 14, 2014, for which defendant employed that procedure. According to plaintiff, defendant had effectively decided to settle two separate cases at the respective meetings. Plaintiff attached to his complaint the subsequently-executed settlement agreements that he obtained through the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq*. Plaintiff alleged that defendant's practice of "hiding" settlement agreements from the public violated various OMA provisions. He sought declaratory and injunctive relief.[1]

In December 2016, defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). Defendant

---

[1] After plaintiff filed the complaint, this Court decided *Citizens For A Better Algonac Community Sch v Algonac Community Sch*, 317 Mich App 171; 894 NW2d 645 (2016), wherein the panel concluded that declaratory relief is not available under the OMA.

-1-

did not dispute that the closed-session meetings pertained to settlement negotiations in the cases identified by plaintiff, but maintained that

> the decisions [i.e. the motions passed to accept counsel's recommendations] were to let settlement discussions begin and to accept a circuit court case evaluation award. Neither case was actually settled on either July 2, 2013 or October 14, 2014 contrary to Plaintiff's assertions. It was *not known* at either Board meeting that the cases would settle and no settlement documents were presented to the Board.

Defendant asserted that no violation of the OMA had occurred, arguing that a public body is not required to specify the name of the pending litigation when it meets in a closed session pursuant to MCL 15.268(e). Defendant also contended that the minutes of the two pertinent meetings "accurately reflect the decision made at those meetings."

In response, plaintiff argued that the "real issue" was that defendant never publicly decided to settle the cases. Plaintiff noted that there was no exception to the requirement that a public body's decision must be made at a meeting open to the public. Plaintiff also emphasized that he was not seeking the substance of defendant's discussions with its counsel during the closed sessions but was only requesting that the decisions to settle be publicly made. Plaintiff also requested that he be allowed to file an amended complaint adding, in part, a claim of improper delegation of legislative authority.

The trial court granted defendant summary disposition. The court first determined that plaintiff had failed to show that a public body was required to identify the specific cases it was discussing when it entered a closed session under MCL 15.268(e) and noted that the statutory subsection does not expressly require defendant to identify the specific pending litigation being discussed. The court then addressed plaintiff's claim that defendant had violated MCL 15.269(1) because the minutes of the July and October meetings did not accurately reflect defendant's decisions at those meetings. The court made a distinction between a situation wherein a settlement was approved and "the instant case, [in which] the actual decision was to simply *engage* in settlement discussions." The court reasoned that "[a]t the time of the closed sessions in this case, Defendant did not know whether the cases would or would not settle. And to force Defendant to disclose the settlement position discussed at the closed session would contravene MCL 15.268(e)." Because the court ruled that defendant did not violate the OMA, the court denied plaintiff's claim for injunctive relief. The court also determined that plaintiff's proposed amendment would be futile.

This Court reviews de novo a trial court's decision to grant summary disposition. *Local Area Watch v City of Grand Rapids*, 262 Mich App 136, 142; 683 NW2d 745 (2004). "Issues of statutory interpretation are reviewed de novo." *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 133; 860 NW2d 51 (2014).

We first address plaintiff's argument that a public body must name the case it will be discussing before entering a closed session under MCL 15.268(e). The trial court did not specify whether it was granting defendant summary disposition under MCR 2.116(C)(8) or MCR 2.116(C)(10). With respect to this issue, it appears that the trial court ruled that plaintiff's claim

failed on its face, given that the court did not consider any documentary evidence and ruled that a public body was not required "to identify the specific pending litigation that is being discussed in a closed session. . . ." Accordingly, we consider the court's ruling as being made under MCR 2.116(C)(8). See *Wengel v Wengel*, 270 Mich App 86, 91; 714 NW2d 371 (2006) (construing the grant of summary disposition as being made under MCR 2.116(C)(8) when the trial court's "ruling is akin to finding that plaintiff failed to state an actionable claim"). Summary disposition is properly granted under MCR 2.116(C)(8) when "[t]he opposing party has failed to state a claim on which relief can be granted." "A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone." *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

> The foundational principles of statutory interpretation are well-established:
>
> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [*Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013) (citations omitted).]

Additionally, statutory language "cannot be read in a vacuum" and instead "must be read in context with the entire act, and the words and phrases used there must be assigned such meanings as are in harmony with the whole of the statute . . . ." *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) (quotation marks and citation omitted).

"[T]he purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern." *Kitchen v Ferndale City Council*, 253 Mich App 115, 125; 654 NW2d 918 (2002), overruled on other grounds by *Speicher*, 497 Mich 125. "To further the OMA's legislative purposes, the Court of Appeals has historically interpreted the statute broadly, while strictly construing its exemptions and imposing on public bodies the burden of proving that an exemption exists." *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 223; 507 NW2d 422 (1993).

"Under the OMA, public bodies must conduct their meetings, make all of their decisions, and conduct their deliberations (when a quorum is present) at meetings open to the public." *Speicher*, 497 Mich at 134-135; see also MCL 15.263. However, a public body may meet in a

closed session[2] for certain enumerated purposes. MCL 15.268. Pertinent to this case, a public body may meet in a closed session "[t]o consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body." MCL 15.268(e). This Court has concluded "that subsection 8(e) exists for the obvious purpose of allowing a public body to prepare for litigation without having to broadcast its trial or settlement strategy to the opposition along with the rest of the general public." *Manning v East Tawas*, 234 Mich App 244, 251; 593 NW2d 649 (1999), overruled on other grounds by *Speicher*, 497 Mich 125.

Certain procedural requirements must be met for a public body to commence a closed session.

> A 2/3 roll call vote of members elected or appointed and serving is required to call a closed session, except for the closed sessions permitted under section 8(a), (b), (c), (g), (i), and (j). The roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken. [MCL 15.267(1).]

MCL 15.269(1) requires that "[e]ach public body . . . keep minutes of each meeting showing . . . the purpose or purposes for which a closed session is held." Accordingly, a public body must "state on the record the purpose of the closed session before initiating the closed session." *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78, 86; 669 NW2d 862 (2003), overruled on other grounds by *Speicher*, 497 Mich 125.

We acknowledge that MCL 15.268(e) does not expressly require a public body to identify the case name before entering a closed session to discuss trial or settlement strategy with its counsel. But statutory language cannot be read in isolation and must be construed in a way that harmonizes the entire act. *GC Timmis*, 468 Mich at 421. Plaintiff's argument is that defendant violated MCL 15.267(1) and MCL 15.269(1) when it failed to identify the "specific pending litigation" it would be discussing. Plaintiff suggests that if a public body is not required to identify the specific litigation it will be discussing in a closed session, then the word "specific" in MCL 15.268(e) is effectively rendered void. We agree.

When a public body meets to discuss *pending* litigation, it will necessarily discuss specific cases. Thus, if the Legislature did not intend for the public body to disclose the particular case or cases it would be discussing, there would be no reason for the phrase "specific pending litigation" to contain the word "specific," because the word has no practical impact on the permissible substance of the public body's discussion in a closed session. The word "specific" would be redundant and mere "surplusage" under that interpretation. *Whitman*, 493 Mich at 311-312. To avoid that interpretation, MCL 15.268(e) must be read in light of the

---

[2] " 'Closed session' means a meeting or part of a meeting of a public body that is closed to the public." MCL 15.262(c).

statutory provisions indicating that the public body must provide the "purpose" for calling a closed session. See MCL 15.267(1) and MCL 15.269(1). These provisions contemplate that a public body will inform the public of the reason for entering a closed session, and that would require the public body to point to the applicable closed-session exemption in MCL 15.268. Under MCL 15.268(e), the public body may only meet to discuss "specific pending litigation . . . ." Reading the OMA broadly to further the purpose of government accountability, *Booth Newspapers, Inc*, 444 Mich at 222-223, we conclude that the statutory language requires the public body to identify the specific litigation it would be discussing in justifying its decision to close its meeting to the public.

This Court reached a somewhat similar conclusion in discussing a different closed-session exemption in *Herald Co, Inc*, 258 Mich App 78. That case concerned MCL 15.268(h), which allows a public body to meet in a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute." *Herald Co, Inc*, 258 Mich App at 84. The state statute at issue was the FOIA provision that exempts from disclosure trade secrets or commercial or financial information if certain requirements are met. *Id*. at 84-85. This Court, after quoting certain FOIA provisions and MCL 15.267(1) and MCL 15.269(1), determined that

> the plain language of these statutes instruct that when faced with FOIA exempt material as applied to the OMA, the [public body] *must state on the record those documents it deems exempt under the FOIA* together with the associated FOIA exemption justifying the document's nondisclosure, describe those documents unless description would defeat the purpose of the nondisclosure, and complete this process on the record in open session *before conducting the closed hearing*. [*Herald Co, Inc*, 258 Mich App at 86-87 (emphasis added).]

In other words, this Court determined that the public body had to identify the exempt material and applicable statute before entering a closed session, even though such a requirement is not found in MCL 15.268(h) alone. Arguably, there is an even stronger case for reaching a similar conclusion with respect to MCL 15.268(e), given that the Legislature in that subsection only exempted a closed-session discussion of "*specific* pending litigation . . . ." (Emphasis added).

The Attorney General's OMA Handbook further supports plaintiff's position.[3] As plaintiff notes, the Handbook provides an example of how a public body should enter a closed-session meeting:

> We suggest that every motion to go into closed session should cite one or more of the permissible purposes listed in section 8 of the OMA. An example of a motion to go into closed session is:

> I move that the Board meet in closed session under section 8(e) of the Open Meetings Act, to consult with our attorney regarding trial or settlement

---

[3] See <https://www.michigan.gov/documents/ag/OMA_handbook_287134_7.pdf> (accessed May 16, 2018).

strategy in connection with [*the name of the specific lawsuit*].  [Citation omitted; emphasis added.]

We acknowledge that the Handbook is not binding authority.  Still, it is telling that the Attorney General naturally read the OMA as requiring the public body to name the specific lawsuit it would be discussing in a closed session.

To the extent the OMA is ambiguous regarding this issue, "the resolution of an ambiguity or vagueness that achieves a statute's purpose should be favored over the resolution that frustrates its purpose."  *City of Fraser v Almeda Univ*, 314 Mich App 79, 95; 886 NW2d 730 (2016) (quotation marks and citation omitted).  Allowing a public body to call for a closed session by merely reciting the language of MCL 15.268(e) does not further the purpose of government accountability because the public is given no indication of the "issues and decisions of public concern."  *Kitchen*, 253 Mich App at 125.  While a case name may not provide much, in and of itself, that information allows for further inquiry.  For those reasons, defendant violated MCL 15.267(1) and 15.269(1) by not identifying the specific cases to be discussed in a closed session in accordance with MCL 15.268(e).  The trial court erred in granting defendant summary disposition under MCR 2.116(C)(8) on this issue.  We therefore remand this case to the trial court for further proceedings, which presumably will include the issue of potential ongoing violations and whether certain remedies may be available.  See, e.g., *Citizens For A Better Algonac Community Sch v Algonac Community Sch*, 317 Mich App 171, 182-183; 894 NW2d 645 (2016), and *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 529, 533-534; 609 NW2d 574 (2000), overruled on other grounds by *Speicher*, 497 Mich 125.

Next, we address plaintiff's argument that defendant's meeting minutes do not adequately reflect the decisions it made at the pertinent meetings.  Because the trial court looked beyond the pleadings in analyzing this issue, we construe its ruling as being made under MCR 2.116(C)(10).  See *Maiden*, 461 Mich at 120.  MCR 2.116(C)(10) allows a trial court to grant summary disposition when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion.  Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.  [*Maiden*, 461 Mich at 120.]

The OMA states that "[a]ll decisions of a public body shall be made at a meeting open to the public."  MCL 15.263(2).  A "decision" is defined as "a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy."  MCL 15.262(d).  MCL 15.269(1) provides that "[e]ach public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held."

Plaintiff argues that defendant violated MCL 15.269(1) because its meeting minutes did not reflect its actual decisions. The minutes reflect that defendant passed motions "to accept Counsel's recommendation" and to "accept the recommendation of counsel and proceed." Defendant now maintains that the decisions being made at the two meetings in question were to authorize its counsel to settle the cases within certain parameters. But defendant's minutes provide no indication of such a decision, reflecting only the acceptance of counsel's unknown recommendations. Given defendant's current position (essentially, an admission) in its appellate brief that the "decisions" made in open sessions following closed-session discussions of cases involve the "acceptance of settlement from the opposing party within designated dollar parameters or on the basis of a case evaluation award," we see no reason why these "decisions" as recited by defendant should not be reflected in the minutes, to more fully comply with MCL 15.269(1). In other words, defendant can inform the public that it has decided to authorize its counsel to settle a specific case within certain parameters, without disclosing what those parameters are. If the decision is to accept counsel's recommendation on whether to accept a case-evaluation award, then defendant can say as much, without providing whether it is choosing to accept or decline the evaluation. In addition, defendant could defer making a decision regarding whether to settle a particular case until settlement discussions have progressed to the point that counsel recommends that the case be settled on *specific* terms. That more specific recommendation could be discussed in a closed session, with the actual "decision" (i.e., vote) to settle the case on the terms recommended in the closed session made once the board returns to an open session. Defendant's meeting minutes will show its decisions, but without disclosing its protected, closed-session deliberations on settlement strategy.

Plaintiff additionally contends that the final decisions to settle were made in the closed sessions and that these final decisions to settle need to be made in public. But defendant denies this, stating that, in the closed sessions, the future response of the "opponent" in the litigation is not known. Plaintiff brings forth nothing to support his mere allegation that actual settlements occurred in the closed sessions.[4] As such, plaintiff's additional contention is without merit on appeal.

In sum, given defendant's admission on appeal, we reverse in part the trial court's decision to grant summary disposition to defendant with regard to the issue of minutes.

We decline to address plaintiff's argument that defendant improperly delegated its authority to settle cases. The trial court determined, for various reasons, that plaintiff's proposal to amend his complaint to add that claim was untenable. Plaintiff failed to recite, in his questions presented, the issue of whether this ruling was erroneous, as required by MCR 7.212(C)(5). See *Bouverette v Westinghouse Electric Corp,* 245 Mich App 391, 404; 628 NW2d 866 (2001) (indicating that "issues not raised in the statement of questions presented are not

---

[4] We reject plaintiff's assertion that we should employ MCR 2.116(H)(1) to find that plaintiff could not obtain facts to support his position "because the facts are known only to persons whose affidavits the party cannot procure." MCR 2.116(H)(1) requires the party seeking the benefit of the rule to file an affidavit, which plaintiff did not do.

properly presented for appellate review"). Plaintiff somewhat addresses the amendment issue in his reply brief, but "[r]eply briefs must be confined to rebuttal, and a party may not raise new or additional arguments in its reply brief." *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007). In addition, plaintiff does not adequately address the various reasons the trial court gave for denying the request for amendment. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (discussing an appellant's obligation to dispute the basis of a trial court's ruling). For those reasons, we deem plaintiff's claim of improper delegation abandoned. We also decline to address plaintiff's claims that defendant's settlement practices effectively violate the FOIA and public policy, because those arguments were not presented to the trial court. See *O'Connell v Dir of Elections*, 316 Mich App 91, 109; 891 NW2d 240 (2016).

Reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel