# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF TIMOTHY ADER, by GENE
BOBIC, Personal Representative,

        Plaintiff-Appellant,

v

DELTA COLLEGE BOARD OF TRUSTEES,

        Defendant-Appellee.

UNPUBLISHED
June 5, 2018

No. 337157
Midland Circuit Court
LC No. 15-003146-CZ

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

In this action under the Open Meetings Act (OMA), MCL 15.261 *et seq*., plaintiff appeals as of right the trial court's opinion and order granting defendant summary disposition. We reverse in part and remand for further proceedings.[1]

This case arose out of defendant's practice of calling for a closed session to discuss with its counsel "specific pending litigation," without identifying the specific case it would be discussing, and then returning to an open session to pass a motion to accept its counsel's recommendation, without any indication regarding to what that recommendation pertained. Plaintiff brought suit and identified four different public meetings, over a period of more than two years, in which defendant had employed one or both of those practices, as evidenced by meeting minutes plaintiff attached to his complaint. Plaintiff alleged that defendant's motion practice violated the OMA provision requiring it to keep minutes showing the decisions it made. Plaintiff also averred that defendant decided to settle pending litigation during at least one of the

---

[1] We reject defendant's argument that we lack jurisdiction over this appeal. The motion for reconsideration with which defendant takes issue, despite any alleged flaws, was in fact accepted for filing by the trial court clerk's office on October 12, 2016, which was within 21 days after entry of the order appealed from, and the claim of appeal was thereafter filed within 21 days after entry of the order denying the motion for reconsideration. See MCR 7.204(A)(1)(b).

-1-

meetings and that it violated the OMA by not making that decision in public. Plaintiff sought to invalidate two of the motions passed by defendant and sought declaratory and injunctive relief.[2]

Defendant moved for summary disposition under MCR 2.116(C)(7) (statute of limitations), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). Defendant argued that plaintiff's request for invalidation was untimely under the OMA and that his request for injunctive relief was barred by the doctrine of laches. Defendant also maintained that its meeting minutes adequately reflected its decisions, explaining that its decisions "to accept the recommendations w[ere] just that - decisions to let counsel begin settlement discussions with opposing counsel on pending litigation matters." Additionally, defendant contended that it was not required to specify the litigation it would be discussing with its counsel before entering closed sessions pursuant to MCL 15.268(e). In response, plaintiff argued that the limitations period should have been tolled due to fraudulent concealment, and maintained that defendant had violated the OMA.

The trial court granted defendant summary disposition. The court first determined that defendant was entitled to summary disposition of the "invalidation" claim under MCR 2.116(C)(7), reasoning that plaintiff's request to invalidate defendant's decisions was untimely under MCL 15.270(3)(a) and that tolling of the limitations period was unwarranted.[3] Next, the court ruled that "Plaintiff's equitable claim[s] for injunctive relief and declaratory relief are barred by the doctrine of laches for any meetings prior to the one on October 6, 2015."[4] The court then determined that defendant did not violate the OMA by failing to name the specific litigation it would be discussing in a closed session. Finally, the court ruled that defendant's minute-keeping did not violate the OMA. Accordingly, the court granted defendant summary disposition pursuant to MCR 2.116(C)(8) and (10).

Plaintiff argues that the trial court erred in granting defendant summary disposition. This Court reviews de novo a trial court's decision to grant summary disposition. *Local Area Watch v City of Grand Rapids*, 262 Mich App 136, 142; 683 NW2d 745 (2004). "Issues of statutory interpretation are reviewed de novo." *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 133; 860 NW2d 51 (2014). "A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone." *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). MCR 2.116(C)(10) allows a trial court to grant summary disposition when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

---

[2] After plaintiff filed the complaint, this Court decided *Citizens For A Better Algonac Community Sch v Algonac Community Sch*, 317 Mich App 171; 894 NW2d 645 (2016), wherein the panel concluded that declaratory relief is not available under the OMA.

[3] Plaintiff does not appeal these rulings.

[4] The other meetings referenced by plaintiff occurred on July 2, 2013, October 14, 2014, and December 9, 2014.

As an initial matter, plaintiff does not contest on appeal the trial court's ruling that he is barred from seeking injunctive relief for violations of the OMA occurring before October 6, 2015. Therefore, that question is not properly before us and we will not address it. See *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 404; 628 NW2d 866 (2001) (indicating that "issues not raised in the statement of questions presented are not properly presented for appellate review"), and *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (discussing an appellant's obligation to dispute the basis of a trial court's ruling). Moreover, although plaintiff disputes the legitimacy of defendant's practice of passing motions to accept its counsel's recommendations, defendant did not pass such a motion at the October 6, 2015, meeting. Accordingly, as far as purported OMA violations, we will only address defendant's failure to identify the specific pending litigation it planned on discussing at the October 6 meeting before entering a closed session. On that matter, we agree with plaintiff that defendant violated the OMA.

The foundational principles of statutory interpretation are well-established:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [*Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013) (citations omitted).]

Additionally, statutory language "cannot be read in a vacuum" and instead "must be read in context with the entire act, and the words and phrases used there must be assigned such meanings as are in harmony with the whole of the statute . . . ." *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) (quotation marks and citation omitted).

"[T]he purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern." *Kitchen v Ferndale City Council*, 253 Mich App 115, 125; 654 NW2d 918 (2002), overruled on other grounds by *Speicher*, 497 Mich 125. "To further the OMA's legislative purposes, the Court of Appeals has historically interpreted the statute broadly, while strictly construing its exemptions and imposing on public bodies the burden of proving that an exemption exists." *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 221, 223; 507 NW2d 422 (1993).

"Under the OMA, public bodies must conduct their meetings, make all of their decisions, and conduct their deliberations (when a quorum is present) at meetings open to the public."

*Speicher*, 497 Mich at 134-135; see also MCL 15.263. However, a public body may meet in a closed session[5] for certain enumerated purposes. MCL 15.268. Pertinent to this case, a public body may meet in a closed session "[t]o consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body." MCL 15.268(e). This Court has concluded "that subsection 8(e) exists for the obvious purpose of allowing a public body to prepare for litigation without having to broadcast its trial or settlement strategy to the opposition along with the rest of the general public." *Manning v East Tawas*, 234 Mich App 244, 251; 593 NW2d 649 (1999), overruled on other grounds by *Speicher*, 497 Mich 125.

Certain procedural requirements must be met for a public body to commence a closed session.

> A 2/3 roll call vote of members elected or appointed and serving is required to call a closed session, except for the closed sessions permitted under section 8(a), (b), (c), (g), (i), and (j). The roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken. [MCL 15.267(1).]

MCL 15.269(1) requires that "[e]ach public body . . . keep minutes of each meeting showing . . . the purpose or purposes for which a closed session is held." MCL 15.269(1). Accordingly, a public body must "state on the record the purpose of the closed session before initiating the closed session." *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78, 86; 669 NW2d 862 (2003), overruled on other grounds by *Speicher*, 497 Mich 125.

We acknowledge that MCL 15.268(e) does not expressly require a public body to identify the case name before entering a closed session to discuss trial or settlement strategy with its counsel. But statutory language cannot be read in isolation and must be construed in a way that harmonizes the entire act. *GC Timmis*, 468 Mich at 421. Plaintiff's argument is that defendant violated MCL 15.267(1) and MCL 15.269(1) when it failed to identify the "specific pending litigation" it would be discussing. Plaintiff suggests that if a public body is not required to identify the specific litigation it will be discussing in a closed session, then the word "specific" in MCL 15.268(e) is effectively rendered void. We agree.

When a public body meets to discuss *pending* litigation, it will necessarily discuss specific cases. Thus, if the Legislature did not intend for the public body to disclose the particular case or cases it would be discussing, there would be no reason for the phrase "specific pending litigation" to contain the word "specific," because the word has no practical impact on the permissible substance of the public body's discussion in a closed session. The word "specific" would be redundant and mere "surplusage" under that interpretation. *Whitman*, 493

---

[5] " 'Closed session' means a meeting or part of a meeting of a public body that is closed to the public." MCL 15.262(c).

Mich at 311-312. To avoid that interpretation, MCL 15.268(e) must be read in light of the statutory provisions providing that the public body must provide the "purpose" for calling a closed session. See MCL 15.267(1) and MCL 15.269(1). These provisions contemplate that a public body will inform the public of the reason for entering a closed session, and require that the public body point to the applicable closed-session exemption in MCL 15.268. Under MCL 15.268(e), the public body may only meet to discuss "specific pending litigation . . . ." Reading the OMA broadly to further the purpose of government accountability, *Booth Newspapers, Inc*, 444 Mich at 223, we conclude that the statutory language requires the public body to identify the specific litigation it would be discussing in justifying its decision to close its meeting to the public.

This Court reached a somewhat similar conclusion in discussing a different closed-session exemption in *Herald Co, Inc*, 258 Mich App 78. That case concerned MCL 15.268(h), which allows a public body to meet in a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute." *Herald Co, Inc*, 258 Mich App at 84. The state statute at issue was the Freedom of Information Act (FOIA)[6] provision that exempts from disclosure trade secrets or commercial or financial information if certain requirements are met. *Id*. at 84-85. This Court, after quoting certain FOIA provisions and MCL 15.267(1) and MCL 15.269(1), determined that

> the plain language of these statutes instruct that when faced with FOIA exempt material as applied to the OMA, the [public body] *must state on the record those documents it deems exempt under the FOIA* together with the associated FOIA exemption justifying the document's nondisclosure, describe those documents unless description would defeat the purpose of the nondisclosure, and complete this process on the record in open session *before conducting the closed hearing*. [*Herald Co, Inc*, 258 Mich App at 86-87 (emphasis added).]

In other words, this Court determined that the public body had to identify the exempt material and applicable statute before entering a closed session, even though such a requirement is not found in MCL 15.268(h) alone. Arguably, there is an even stronger case for reaching a similar conclusion with respect to MCL 15.268(e), given that the Legislature in that subsection only exempted closed session discussion of "*specific* pending litigation . . . ." (Emphasis added).

The Attorney General's OMA Handbook further supports plaintiff's position.[7] As plaintiff notes, the Handbook provides an example of how a public body should enter a closed-session meeting:

---

[6] MCL 15.231 *et seq*.

[7] See <https://www.michigan.gov/documents/ag/OMA_handbook_287134_7.pdf> (accessed May 16, 2018).

We suggest that every motion to go into closed session should cite one or more of the permissible purposes listed in section 8 of the OMA. An example of a motion to go into closed session is:

I move that the Board meet in closed session under section 8(e) of the Open Meetings Act, to consult with our attorney regarding trial or settlement strategy in connection with [*the name of the specific lawsuit*]. [Citation omitted, emphasis added.]

We acknowledge that the Handbook is not binding authority. Still, it is telling that the Attorney General naturally read the OMA as requiring the public body to name the specific lawsuit it would be discussing in a closed session.

To the extent the OMA is ambiguous regarding this issue, "the resolution of an ambiguity or vagueness that achieves a statute's purpose should be favored over the resolution that frustrates its purpose." *City of Fraser v Almeda Univ*, 314 Mich App 79, 95; 886 NW2d 730 (2016) (quotation marks and citation omitted). Allowing a public body to call for a closed session by merely reciting the language of MCL 15.268(e) does not further the purpose of government accountability because the public is given no indication of the "issues and decisions of public concern." *Kitchen*, 253 Mich App at 125. While a case name may not provide much information, in and of itself, it alerts the public to the existence of litigation and allows for further inquiry. For those reasons, defendant violated MCL 15.267(1) and 15.269(1) by not identifying the specific cases to be discussed in a closed session in accordance with MCL 15.268(e). The trial court erred in granting defendant summary disposition on this issue. We therefore remand this case to the trial court for further proceedings, which presumably will include the issue of potential ongoing violations and whether certain remedies may be available. See, e.g., *Citizens For A Better Algonac Community Sch v Algonac Community Sch*, 317 Mich App 171, 182-183; 894 NW2d 645 (2016), and *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 529, 533-534; 609 NW2d 574 (2000), overruled on other grounds by *Speicher*, 497 Mich 125.[8]

---

[8] We decline to grant summary disposition to plaintiff under MCR 2.116(I)(2), as he requests. We decline to address plaintiff's arguments that defendant effectively violated FOIA and public policy by the way it kept meeting minutes and through its use of confidentiality clauses, and that it improperly delegated authority to its attorney to settle cases. The confidentiality-clause and authority-delegation arguments are unpreserved. See *O'Connell v Dir of Elections*, 316 Mich App 91, 109; 891 NW2d 240 (2016) (discussing issue preservation). In addition, and as noted, only issues surrounding the October 6, 2015, meeting are before us, and plaintiff does not dispute that defendant did not pass a motion at that meeting to accept its counsel's recommendation; it follows that defendant did not make a decision to settle any pending litigation at that meeting, rendering moot plaintiff's arguments regarding defendant's meeting minutes and their relation to settlements.

Reversed in part and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel