HERALD COMPANY, INC v TAX TRIBUNAL

Docket No. 234625. Submitted March 5, 2003, at Lansing. Decided August
    12, 2003, at 9:00 A.M.

Herald Company, Inc., doing business as the Grand Rapids Press,
    brought an action in the Ingham Circuit Court, seeking declaratory
    and injunctive relief against the city of Grand Rapids and the Michi-
    gan Tax Tribunal and its chairman, after the city denied the plain-
    tiff's request pursuant to the Freedom of Information Act (FOIA),
    MCL 15.231 et seq., for financial information related to a property
    tax appeal filed by the Amway Hotel Corporation. Amway and the
    city previously stipulated the confidentiality of this information,
    and the tribunal entered a corresponding protective order. The
    plaintiff's claim against the tribunal alleged that the tribunal vio-
    lated the Open Meetings Act (OMA), MCL 15.261 et seq., when it
    closed portions of Amway's tax hearing on the basis that the infor-
    mation to be disclosed by the parties was exempt from disclosure
    under the FOIA because it was information to be used in developing
    government policy, MCL 15.243(1)(f), and therefore a closed hear-
    ing was authorized under the OMA, MCL 15.268(h). The city was dis-
    missed as a defendant pursuant to a settlement agreement with the
    plaintiff. The remaining defendants and the plaintiff all moved for
    summary disposition, and the circuit court, Michael G. Harrison, J.,
    granted the plaintiff's motion, concluding that the information was
    not exempt from disclosure under the FOIA, and therefore there was
    no basis for holding a closed session under the OMA. The defen-
    dants moved for reconsideration of the order, and the plaintiff
    sought an award of costs and attorney fees under the OMA. The cir-
    cuit court, Thomas L. Brown, J., denied the defendants' motion and
    awarded the plaintiff all its costs and attorney fees. The defendants
    appealed.

The Court of Appeals held:

1. The circuit court did not deny the tribunal's motion for recon-
sideration merely because the court did not wish to review the
order issued by its predecessor. Rather, the record reveals that the
tribunal's motion only questioned the first court's reasoning and
decisions on issues of law already decided. Thus, the court did not

abuse its discretion in denying the motion for reconsideration. MCR 2.119(F)(3).

2. Pursuant to the OMA, a public body may meet in a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute." MCL 15.268(h). The FOIA provides that a public body may exempt from disclosure "[t]rade secrets or commercial or financial information voluntarily provided to an agency for use in developing governmental policy . . . ." MCL 15.243(1)(f). In this case, Amway's financial information, which it disclosed to the tribunal as part of its property tax appeal, was not information used by the tribunal in developing government policy. Rather, the assessment challenge was simply a tax determination involving a single taxpayer and it lacked any policy-making potential. Because Amway's information was not exempt from disclosure under MCL 15.243(1)(f) or any other statute, the tribunal violated the OMA by holding a closed session without a proper basis. MCL 15.268(h).

3. The provision that a public body may reenact a disputed decision to conform with the OMA is limited to those cases where an action has been initiated to invalidate a decision by the public body. MCL 15.270(5). In this case, the plaintiff challenged the process by which the tribunal's decision was reached, not the decision itself, and the provision did not apply.

4. Although the circuit court's opinion contained clerical errors, it did not obviously confuse the OMA and the FOIA, and was clear enough that a reasonable person would not have to guess at its meaning. The court's order granting summary disposition was correct on the merits, and will not be disturbed on appeal.

5. The OMA provides that if relief is obtained in an action against a public body for violating the OMA, that relief shall include court costs and actual attorney fees. MCL 15.271(4). The plain language of the statute states that a plaintiff need only succeed in obtaining relief in order to receive fees and costs. The defendants' assertion that proof of injury and a grant of injunctive relief are necessary prerequisites for the recovery of fees fails, and the circuit court did not clearly err in awarding the plaintiff its fees and costs. The circuit court abused its discretion, however, when it awarded the plaintiff all its attorney fees and costs, including those associated with its FOIA claim against the city of Grand Rapids. The OMA provides only for a recovery against the public body that violated the OMA, and not against non-OMA defendants. MCL 15.271(4).

Affirmed in part, reversed in part, and remanded for further proceedings.

STATUTES — OPEN MEETINGS ACT — COSTS AND FEES
  Recovery of costs and actual attorney fees in an action brought pursuant to the Open Meetings Act may only be had against the public body that violated the act (MCL 15.271[4]).

*Butzel Long* (by *Dawn Phillips Hertz*) for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Thomas Quasarano*, Assistant Attorney General, for the defendants.

Before: DONOFRIO, P.J., and SAAD and OWENS, JJ.

DONOFRIO, P.J. Defendants,[1] the Michigan Tax Tribunal (MTT) and its chairman, appeal as of right an order denying defendants' motion for summary disposition, an order granting a motion by plaintiff, Herald Company, Inc., for summary disposition, and an order denying defendants' motion for reconsideration, and awarding plaintiff attorney fees for a violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.* We affirm in part, reverse in part, and remand for further proceedings.

In 1996, the Amway Hotel Corporation (Amway) challenged its property tax assessment by the city of Grand Rapids before the MTT. This case arose when plaintiff, the local newspaper, brought an action in the circuit court alleging violations of the OMA through application of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, involving Amway's tax assessment case before defendants. During the discovery phase of that action, the MTT hearing referee issued a protec-

---

[1] In the interests of efficiency and clarity, references to "defendants" in this opinion refer to the Michigan Tax Tribunal and the tribunal's chairman unless otherwise specified.

tive order holding Amway's financial information con-
fidential. The protective order covered

> [a]ny and all financial data or information . . . including but
> not limited to assets and liabilities, income and expenses,
> cash-flows, acquisition costs for all or any part of such
> property, projections and proforma statements, regardless
> of by whom prepared, room rates and rates or prices for
> other goods and services rendered by [Amway] on or from
> the property.

Defendants' hearing referee made no inquiry into the
confidential nature of items designated under the pro-
tective order, but allowed Amway and the city of
Grand Rapids to stipulate and designate as confiden-
tial any document on which they agreed. The protec-
tive order was self-limiting regarding the admissibility
of evidence, and by its own language further provided
that its issuance alone was not a consideration in a
subsequent confidentiality determination.

At the hearing before defendants, Amway requested
that defendants close the hearing when there was tes-
timony identified by the parties as confidential under
the protective order. The referee complied with the
request when stipulated confidential information was
involved, and conducted closed sessions of the tribu-
nal. The referee explained that the information stipu-
lated by the parties as confidential was not required
by law, was exempt from the FOIA, and therefore, sub-
ject to a closed session hearing by exemption under
the OMA.

Because plaintiff was excluded from the tax hear-
ing and was unable to obtain the hearing's exhibits,
plaintiff sought declaratory and injunctive relief in the
circuit court regarding defendants' alleged violations
of the OMA and against the city of Grand Rapids for

alleged violations of the FOIA.[2] The facts were not in dispute and the parties brought cross-motions for summary disposition. The trial court denied defendants' motion for summary disposition and granted plaintiff's motion for summary disposition, except for its request for injunctive relief. The court held that the underlying tax case was adjudicatory in nature,[3] and that the information kept confidential was not for use in developing governmental policy. Therefore, the FOIA, MCL 15.243(1)(f), did not exempt the information from disclosure, and there was no basis for holding a closed session under the OMA, MCL 15.268(h). The trial court further concluded that defendants violated the separation and description section of the FOIA, MCL 15.244. A successor judge denied defendants' motions for reconsideration and clarification, and awarded fees and costs to plaintiff. This appeal followed.

Defendants first argue that the trial court refused to consider defendants' motion for reconsideration and clarification merely because the court did not want to review an opinion and order issued by a predecessor judge. We disagree. We review a trial court's denial of a motion for reconsideration for an abuse of discretion. *In re Beglinger Trust*, 221 Mich App 273, 279; 561 NW2d 130 (1997). The movant must show that the trial court made a palpable error and that a different disposition would result from correction of the error. MCR 2.119(F)(3). Moreover, a

---

[2] The city of Grand Rapids, an FOIA defendant, and Amway, an intervening defendant, were parties at various times before the trial court. Pursuant to settlements, they were separately dismissed.

[3] The MTT acts under the jurisdiction of the Department of Treasury and does not implicate the judiciary. MCL 205.721.

motion for reconsideration that merely presents the same issues already ruled on by the court generally will not be granted. *Id.*

After reviewing the record, we find that defendants' motion for reconsideration did not raise any error that misled the court or the parties, but rather questioned the trial court's reasoning and its decisions on issues of law already decided by the court. Therefore, the trial court did not abuse its discretion when it denied reconsideration of these issues. *In re Beglinger Trust, supra* at 279.

Next, defendants argue that they properly closed the tax assessment hearing to protect the confidentiality of information under the protective order. A trial court's grant of summary disposition is reviewed de novo to determine whether the moving party was entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Further, because this issue also raises a question of statutory interpretation, we will review it de novo. *Yaldo v North Pointe Ins Co*, 457 Mich 341, 344; 578 NW2d 274 (1998). We review for an abuse of discretion a trial court's decision whether to invalidate a decision made in violation of the OMA. *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 533-534; 609 NW2d 574 (2000).

"[T]he purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern." *Kitchen v Ferndale City Council*, 253 Mich App 115, 125; 654 NW2d 918 (2002), citing *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211,

231; 507 NW2d 422 (1993). Similarly, with regard to the FOIA, Michigan public policy declares that all persons except prisoners are entitled to complete information regarding the affairs of government and the official acts of those who represent them so that they may fully participate in the democratic process. MCL 15.231(2); *Herald Co v Bay City*, 463 Mich 111, 118; 614 NW2d 873 (2000). "[I]t is clear and indisputable that the OMA and the FOIA have a common purpose, manifesting this state's public policy favoring public access to government information . . . ." *Kitchen, supra* at 125.

On appeal, defendants specifically argue that the application of an FOIA exemption, MCL 15.243(1)(f), discharged them from holding an open meeting under the OMA, MCL 15.268(h).[4] The OMA provides that a public body may meet in a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute." MCL 15.268(h). Defendants assert that the FOIA, specifically MCL 15.243(1)(f), provided the basis for nondisclosure of the financial information at issue because the material was for use by defendants in developing governmental policy and, therefore, they properly closed the meeting pursuant to the OMA. MCL 15.268(h). MCL 15.243(1)(f) states, in pertinent part:

> (1) A public body may exempt from disclosure as a public record under this act any of the following:

---

[4] There is no dispute that defendant MTT is a public body subject to both the OMA and the FOIA.

*    *    *

(f) Trade secrets or commercial or financial information voluntarily provided to an agency *for use in developing governmental policy* if:

(i) The information is submitted upon a promise of confidentiality by the public body.

(ii) The promise of confidentiality is authorized by the chief administrative officer of the public body or by an elected official at the time the promise is made.

(iii) A description of the information is recorded by the public body within a reasonable time after it has been submitted, maintained in a central place within the public body, and made available to a person upon request. This subdivision does not apply to information submitted as required by law or as a condition of receiving a governmental contract, license, or other benefit. [Emphasis added.]

To further the purpose of the OMA, its requirements are interpreted broadly and its exemptions are interpreted narrowly. *Booth Newspapers, Inc, supra* at 223. With this in mind, we find that the underlying tax assessment challenge was simply a tax determination involving a single taxpayer, lacking the policy-making potential contemplated by the Legislature in drafting this exemption to the FOIA. MCL 15.243(1)(f). Since the individual tax determination did not involve the development of governmental policy, MCL 15.243(1)(f) did not apply. Ultimately, defendants' errant reliance on MCL 15.243(1)(f) of the FOIA as the basis for its refusal to disclose the requested documents also caused defendants to violate the OMA when the MTT closed the hearing on the basis of this exemption. For these reasons, we conclude that summary disposition in favor of the plaintiff was proper.

Significantly, in light of the proceedings before the MTT, we need to bring attention to the interplay of the

procedural requirements in the FOIA and the OMA. Section 14 of the FOIA provides:

> (1) If a public record contains material which is not exempt under section 13, as well as material which is exempt from disclosure under section 13, the public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying.
>
> (2) When designing a public record, a public body shall, to the extent practicable, facilitate a separation of exempt from nonexempt information. If the separation is readily apparent to a person requesting to inspect or receive copies of the form, the public body shall generally describe the material exempted unless that description would reveal the contents of the exempt information and thus defeat the purpose of the exemption. [MCL 15.244.]

Section 7 of the OMA provides:

> (1) . . . the purpose or purposes for calling the closed session shall be entered into the minutes [the record] of the meeting . . . . [MCL 15.267.]

Section 9 of the OMA provides:

> (1) Each public body shall keep minutes [the record] of each meeting showing . . . any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held. [MCL 15.269.]

These statutes mandate that the public body separate exempt and nonexempt material, describe where practicable the exempt material, make the nonexempt material available, and state on the record the purpose of the closed session before initiating the closed session. When applied to the MTT, the plain language of these statutes instruct that when faced with FOIA exempt material as applied to the OMA, the MTT must

state on the record those documents it deems exempt under the FOIA together with the associated FOIA exemption justifying the document's nondisclosure, describe those documents unless description would defeat the purpose of the nondisclosure, and complete this process on the record in open session before conducting the closed hearing. MCL 15.244(1)-(2); MCL 15.267(1); MCL 15.268(h); MCL 15.269(1).

The Michigan Chamber of Commerce and the Grand Rapids Area Chamber of Commerce appeared as amici curiae before the trial court, raising the issue of potential loss of confidentiality during an appeal to the MTT after confidentiality is initially granted to the taxpayer at the assessment level. The amici argued that, "[e]ven when no judge is involved, looking over the government's shoulder, the taxing authority must keep confidential the kind of information that is at issue here." MCL 211.23 contemplates the unlawful use of information supplied to a tax assessor and states specifically:

All the statements herein required to be made and received by the supervisor or assessor shall be filed by him, and shall be presented to the board of review hereinafter provided for, or provided for in any act incorporating any village or city, for the use of said board, and after the assessment is reviewed and completed by such board of review, all of the statements shall be deposited in the office of the township or city clerk, and shall be preserved until after the next assessment is made and completed, after which they may be destroyed upon the order of the township board or city or village council, but *no such statement shall be used for any other purpose except the making of an assessment for taxes as herein provided, or for enforcing the provisions of this act, and any officer or person who shall make or allow to be made wilfully or knowingly, any other or unlawful use of any such statement, shall be*

*liable to the person making such statement for all damages resulting from such unauthorized or unlawful use of such statement.* All the statements received by the supervisor or assessor shall be made available to the county tax or equalization department mandatorily established under section 34 of this act and use of such statements by such county tax or equalization department shall be deemed a use for the purpose of enforcing the provisions of this act. [Emphasis added.]

We agree that it is disingenuous to grant a taxpayer confidentiality at the assessment level and then to revoke that confidentiality when the taxpayer appeals a tax determination before the MTT. The MTT, by its own rule, is bound by the Michigan Rules of Court, as well as by §§ 71-87 of the Administrative Procedures Act (APA), MCL 24.201 *et seq.*, in all cases and proceedings before it whenever an applicable tax tribunal rule does not exist on the subject. TTR 205.1111. MCR 2.302(C) provides that

[o]n motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following orders:

*          *          *

(8) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way . . . .

Additionally, MCL 24.273 of the APA states in pertinent part that

[a]n agency authorized by statute to issue subpoenas, when a written request is made by a party in a contested case,

shall issue subpoenas forthwith requiring the attendance and testimony of witnesses and the production of evidence including books, records, correspondence and documents in their possession or under their control. On written request, the *agency shall revoke a subpoena if the evidence, the production of which is required, does not relate to a matter in issue,* or if the subpoena does not describe with sufficient particularity the evidence the production of which is required, or if for any other reason sufficient in law the subpoena is invalid. . . . [Emphasis added.]

We believe that these two rules work in concert to provide a party in a matter before the MTT an opportunity to seek a protective order to protect confidential information. We refer to the Uniform Trade Secrets Act, MCL 445.1901 *et seq.*, to provide us with a workable definition of what might be considered confidential information, i.e., a "trade secret." MCL 445.1902(d) defines a "trade secret"[5] as

[i]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that is both of the following:

(i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

---

[5] We note that in actions specifically brought under the Uniform Trade Secrets Act,

a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval. [MCL 445.1906.]

In the case at bar, the parties stipulated and designated as confidential certain documents without any review by defendants' hearing referee. The parties did not request a confidentiality determination before the hearing referee pursuant to MCR 2.302(C)(8) or MCL 24.273 separate and distinct from the asserted FOIA exemption. Had the MTT been confronted with a confidentiality request, it would have had to determine the scope and breadth of confidentiality when deciding whether to issue a protective order, in much the same manner as an FOIA exemption, before going into closed session.

Defendants next assert that the trial court failed to address defendants' right to reenact a disputed decision in conformity with the OMA. MCL 15.270(5) authorizes defendants to reenact the disputed decision in conformity with the OMA at defendants' discretion. Thus, a deficiency in the procedure may not render a decision made during a session invalid if the public body duly reenacts and corrects the procedural omission. However, reenactment is unavailable as a remedy when the decision of the public body is not challenged. Reenactment is limited to those situations and cases where "an action has been initiated to invalidate a decision of the public body . . . ." *Id.* Here, it is the procedure utilized by defendants in arriving at the tax decision that plaintiff challenges and not the decision itself. Defendants do not claim that they reenacted any decision to remedy their nonconformity with the OMA. Defendants neither state how or why the trial court erred, nor do they discuss or provide any supporting authority that the OMA compels the trial court to act. *Id.* Therefore, we find no error.

Defendants also argue that the trial court confused the OMA and the FOIA in its opinion and order. After reviewing the lower court record, including the trial court's opinion and order, we find no error. The trial court properly held that defendants inappropriately applied MCL 15.243(1)(f) and failed to follow the procedural requirements of the FOIA, MCL 15.244, when defendants invoked the FOIA exemption. Because defendants closed a public meeting on the basis of an inapplicable FOIA exemption and also applied inappropriate procedures under the FOIA, each instance of defendants' violation of the FOIA, in turn, created a corresponding violation of the OMA. Admittedly, while there are clerical errors in the trial court's opinion, we find it clear enough that a reasonable person would not have to guess at its meaning. Accordingly, we conclude that the trial court's order was correct on the merits and we will not disturb it.

Finally, defendants raise several issues regarding the trial court's imposition of fees and costs on defendants. When the imposition of attorney fees is mandatory upon the finding of a violation of law, this Court reviews for clear error the trial court's finding that the law has been violated. *Contel Sys Corp v Gores*, 183 Mich App 706, 710-711; 455 NW2d 398 (1990). A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002).

Defendants contend that both proof of injury and a grant of injunctive relief are prerequisites for the recovery of attorney fees under the OMA. The OMA provides that if relief is obtained in an action against a

public body for violating the OMA, that relief shall
include "court costs and actual attorney fees." MCL
15.271(4). The plain language of the statute simply
states that plaintiff need only "succeed[] in obtaining
relief in the action" in order to recover court costs
and attorney fees. *Id.* Contrary to defendants' asser-
tions, neither proof of injury nor issuance of an
injunction is a prerequisite for the recovery of attor-
ney fees under the OMA. *Id.*; *Nicholas, supra* at 534-
535. The trial court did not clearly err in awarding
fees. *Contel Sys Corp, supra* at 710-711.

Defendants further contend that they should not
have to pay attorney fees associated with plaintiff's
dealings with the former codefendants. The trial
court's determination regarding the reasonableness of
an attorney fee is reviewed for an abuse of discretion.
*Morris v Detroit*, 189 Mich App 271, 279; 472 NW2d
43 (1991). An abuse of discretion occurs when the
result is so palpably and grossly violative of fact and
logic that it evidences a perversity of will, a defiance
of judgment, or the exercise of passion or bias. *Dep't
of Transportation v Randolph*, 461 Mich 757, 768; 610
NW2d 893 (2000).

Our review of the record, including the initial com-
plaint in this matter, reveals that separate causes of
action were pursued against each defendant. The
action against the city of Grand Rapids concerned an
FOIA violation. This action was later settled and the
city of Grand Rapids was dismissed from the action
and is not a party to this appeal. The litigation in the
matter involving defendants was for a violation of the
OMA. The trial court did not hold a hearing to deter-
mine reasonable attorney fees and costs, but merely
accepted plaintiff's rendition of total fees and costs

for the entire litigation. We conclude that this was error. It was incumbent upon the trial court, in its fact-finding role, to conduct a hearing to determine the appropriate amount of attorney fees and costs owed in accordance with the OMA, excluding those fees associated with the FOIA defendant, the city of Grand Rapids.

We are bound by the plain language of the OMA, which explicitly provides for recovery only against the "public body" that failed to comply with the OMA. MCL 15.271(4). The OMA makes no mention of codefendants that are not public bodies. Because the plain and ordinary language of the statute is clear, judicial construction is neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). We decline to extend the application of MCL 15.271(4) to require defendants to pay attorney fees associated with plaintiff's dealings with codefendants who were not sued under the OMA. Accordingly, we conclude that the trial court abused its discretion in awarding attorney fees related to the other defendant, rather than directing that defendants reimburse plaintiff for those fees and costs incurred directly in conjunction with obtaining relief in the instant case in accordance with MCL 15.271(4). *Morris, supra* at 279.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

OWENS, J., concurred.

SAAD, J., I concur in result only.