*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEW COVERT GENERATING COMPANY, LLC,

UNPUBLISHED
June 27, 2024

Petitioner-Appellant,

v

No. 364076
Michigan Tax Tribunal
LC No. 17-001737-TT

COVERT TOWNSHIP,

Respondent-Appellee,

and

VAN BUREN COUNTY,

Intervening Respondent-Appellee.

Before: O'BRIEN, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

Petitioner appeals as of right a Michigan Tax Tribunal (MTT) order denying and partially granting petitioner's motions for reconsideration. The order held in part that information in a protective order issued under MCR 2.302(C), if requested by a party, would only be protected from disclosure if the information was also exempt from disclosure under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* We reverse in part and affirm in part.

Petitioner owned a gas power plant facility in Covert Township, Michigan, since approximately 2014. Between the years 2010 to 2016, petitioner appealed respondent's taxable value assessment of its plant parcels yearly, and respondent moved to compel petitioner to pay the assessment value on the basis of MTT decisions from previous years. In March 2017, petitioner and respondent entered into a confidentiality agreement. In July 2018, after conducting an *in camera* review of confidential material pursuant to the parties' confidentiality agreement, the MTT granted a protective order, pursuant to MCR 2.302(C)(8), to seal certain exhibits and redact others because of confidentiality concerns for the tax appeals between the years 2012 and 2016.

-1-

In October 2021, the MTT published Newsletter 2021-14, which stated that the tribunal had, in the past, erroneously utilized an *in camera* review process that misapplied this Court's decision in *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78; 669 NW2d 862 (2003), abrogated in part on other grounds by *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 134-135; 860 NW2d 51 (2014). Michigan Tax Tribunal, *New Procedure for Protection of Trade Secrets and Other Research, Development, or Commercial Information* (October 28, 2021). In March 2022, both respondents requested discovery from petitioner, including information that was sealed under the July 2018 protective order. Intervening respondent also moved to modify or clarify the July 2018 protective order. Petitioner responded that it was willing to produce the discovery requested only if "appropriate confidentiality protections" were in place.

In July 2022, the MTT denied intervening respondent's motion to modify the protective order and request to allow the parties to use the sealed documents. Petitioner moved for partial reconsideration of this order. In October 2022, the MTT issued two orders: one partially granting petitioner's motion for partial reconsideration[1] and another ordering petitioner to provide the discovery requested.[2] Petitioner moved for reconsideration of both orders. In November 2022, the MTT issued an order denying reconsideration of its October 7, 2022 order, partially granting petitioner's motion for reconsideration of its October 17, 2022 order, and adjourning the scheduled *in camera* review. Petitioner applied for leave to appeal, which we granted.

We review a trial court's denial of a motion for reconsideration for an abuse of discretion. *Herald Co*, 258 Mich App at 82. An abuse of discretion "occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). A tribunal's interpretation of a statute and administrative rule is reviewed de novo. *Nat'l Wildlife Federation v Dep't of Environmental Quality*, 306 Mich App 336, 342; 856 NW2d 252 (2014). Our role "is not to second-guess those policy decisions or to change the words of a statute in order to reach a different result." *People v Harris*, 499 Mich 332, 354; 885 NW2d 832 (2016).

## I. THE MTT'S APPLICATION OF *HERALD CO* PRECEDENT

Petitioner argues that the MTT's ruling in its November 15, 2022 order "fundamentally misapplied" the precedent set by *Herald Co* and contradicted the MTT's own rules as well as the Tax Tribunal Act (TTA), MCL 205.701 *et seq*. We agree.

The purpose of the Open Meetings Act (OMA), MCL 15.261 *et seq*., "is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern." *Herald Co*, 258 Mich App at 83. The purpose of FOIA, MCL 15.231 *et seq*., is

---

[1] Order Partially Granting Petitioner's Motion for Partial Reconsideration; Order correcting July 5, 2022 Order, entered by the Michigan Tax Tribunal on October 7. 2022.

[2] Order Placing Intervening Respondent's Motion to Compel in Abeyance; Order Placing Respondent's Motion in Support of Intervening Respondent's Motion in Abeyance; Order Scheduling *In Camera* Review, October 17, 2022.

to allow all persons to access "complete information regarding the affairs of government and the official acts of those who represent them." *Herald Co*, 258 Mich App at 84. Section 13 of FOIA provides that a "public body may exempt from disclosure as a public record under this act" any records "or information specifically descried and exempted from disclosure by statute." MCL 15.243(1)(d).

Pursuant to the TTA, the MTT is subject to FOIA. The TTA provides that "[a] writing prepared, owned, used, in the possession of, or retained by the tribunal in the performance of an official function shall be made available in compliance with" FOIA. MCL 205.746(2). See also *Bechtel Power Corp v Dep't of Treasury, Revenue Div*, 128 Mich App 324, 330; 340 NW2d 297 (1983) (stating that "[i]t is clear that the Tax Tribunal is subject to the Freedom of Information Act"). The MTT is also subject to OMA; the TTA provides that "[h]earings . . . shall be conducted pursuant to . . . the open meetings act." MCL 205.726. The Tax Tribunal Rules (TTR), Mich Admin Code, R 792.10201 *et seq*., provide that "[i]f an applicable entire tribunal rule does not exist," the Michigan Court Rules, along with relevant provisions of the Administrative Procedures Act (APA), MCL 24.321 *et seq*., shall govern. TTR 215; Mich Admin Code, R 792.10215.

In *Herald Co*, 258 Mich App at 80, the Amway Hotel Corporation challenged its property tax assessment by the city of Grand Rapids before the MTT. During the discovery phase of the proceedings, without making any inquiry into the confidential nature of Amway's financial information, the MTT issued a protective order holding the information confidential. *Id*. at 80-81. In this protective order, both parties were permitted to "stipulate and designate as confidential any document on which they agreed." *Id*. at 81. Amway requested for a subsequent tax assessment hearing to be closed when confidential testimony was presented pursuant to the protective order. *Id*. The referee holding the hearing complied and conducted closed sessions of the tribunal, explaining that "the information stipulated by the parties as confidential was not required by law, was exempt from the FOIA, and therefore, subject to a closed session hearing by exemption under the OMA." *Id*.

Herald Company, Inc., the plaintiff, was excluded from the tax hearing and unable to obtain the evidence presented. *Id*. The plaintiff sought relief in the circuit court regarding the MTT's, or the defendant's, alleged violations of OMA, and against the city of Grand Rapids for alleged violations of FOIA. *Id*. at 81-82. The trial court granted the plaintiff's motion for summary disposition, stating that "there was no basis for holding a closed session under the OMA" because "the information kept confidential was not for use in developing governmental policy," and therefore, FOIA did not exempt the information from disclosure. *Id*. at 82. On appeal, the MTT argued that the tax assessment hearing was "properly closed" to "protect the confidentiality of information under the protective order." *Id*. at 83. More specifically, it argued that "the application of an FOIA exemption . . . discharged them from holding an open meeting under the OMA." *Id*. at 84.

This Court noted that, under OMA, "a public body may meet in a closed session" to "consider material exempt from discussion or disclosure by state or federal statute." *Id*. However, this Court concluded that a FOIA exemption did not apply to the confidential material, and therefore, the closed session was improper, and summary disposition in favor of the plaintiff was proper. *Id*. at 85. This Court held that

-3-

when faced with FOIA exempt material as applied to the OMA, the MTT must state on the record those documents it deems exempt under the FOIA together with the associate exemption justifying the document's nondisclosure, describe those documents unless description would defeat the purpose of the nondisclosure, and complete this process on the record in open session before conducting the closed hearing. [*Id*. at 86-87.]

The Michigan Chamber of Commerce and the Grand Rapids Area Chamber of Commerce both appeared as amici curiae in *Herald Co*, arguing that even "when no judge is involved, looking over the government's shoulder, the taxing authority must keep confidential the kind of information that is at issue here." *Id*. at 87. They cited MCL 211.23 in support of their argument, which "contemplates the unlawful use of information supplied to a tax assessor," and provides, in pertinent part:

[N]o such statement shall be used for any other purpose except the making of an assessment for taxes as herein provided, or for enforcing the provisions of this act, and any officer or person who shall make or allow to be made willfully or knowingly, any other or unlawful use of any such statement, shall be liable to the person making such statement for all damages resulting from such unauthorized or unlawful use of such statement. [*Id*. at 87-88.]

This Court agreed with the amici curiae argument, stating that "it is disingenuous to grant a taxpayer confidentiality at the assessment level and then to revoke that confidentiality when the taxpayer appeals a tax determination before the MTT." *Id*. at 88.

There was no tax tribunal rule regarding protective orders; therefore, this Court stated that MCR 2.302(C) and MCL 24.273 of the APA governed the issue. *Herald Co*, 258 Mich App at 88-89. MCR 2.302(C)(8) provides:

(C) Protective Orders. On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following orders:

\* \* \*

(8) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; . . . .

MCL 24.273 of the APA provides:

An agency authorized by statute to issue subpoenas, when a written request is made by a party in a contested case, shall issue subpoenas forthwith requiring the attendance and testimony of witnesses and the production of evidence including books, records, correspondence and documents in their possession or under their

control.  On written request, the agency shall revoke a subpoena if the evidence, the production of which is required, does not relate to a matter in issue, or if the subpoena does not describe with sufficient particularity the evidence the production of which is required, or if for any other reason sufficient in law the subpoena is invalid.

This Court held: "We believe that these two rules work in concert to provide a party in a matter before the MTT an opportunity to seek a protective order to protect confidential information." *Herald Co*, 258 Mich App at 89.  This Court, citing MCL 445.1902(d), defined "confidential information" as a "trade secret" that "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Herald Co*, 258 Mich App at 89.

This Court concluded that the parties erred because they "did not request a confidentiality determination before the hearing referee," pursuant to MCR 2.302(C)(8) or MCL 24.273, "*separate and distinct* from the asserted FOIA exemption.  Had the MTT been confronted with a confidentiality request, it would have had to determine the scope and breadth of confidentiality when deciding whether to issue a protective order, in much the same manner as an FOIA exemption," before conducting a closed session under OMA.  *Herald Co*, 258 Mich App at 90 (emphasis added).

In the present case, in MTT Newsletter 2021-14, the MTT stated that it "failed to require the parties to identify and support the specific FOIA and OMA exemptions that would allow the Tribunal to conduct a portion of a hearing as a closed session," which misapplied this Court's holding that "when faced with FOIA exempt material as applied to the OMA, the MTT must state on the record those documents it deems exempt under the FOIA . . . and complete this process on the record in open session before conducting the closed hearing." *New Procedure for Protection*, p 1.  See *Herald Co*, 258 Mich App at 86-87.  The MTT stated that, in order to rectify these processes,

> orders are being prepared to address the protection of confidential information during the discovery process, which will include either an in-person or a virtual *in-camera* review, if the opposing party objects to the motion for protective order.  As for the virtual *in-camera review*, the review will be conducted based on a "sharing" of documents during the in-camera review, rather than the submission of documents by email.  With respect to the protection of documents or, more appropriately, the closing of a portion of the public hearing to consider "exempt" materials, parties will be required to file a motion or motions in advance of the scheduled prehearing conference to request the conducting of closed session, if a protective order has been issued in the case and that party or parties intend on discussing the exempt materials during the hearing, or to request the protection of purported confidential information and the conducting of a closed session.  Timely filed motions will be discussed during the prehearing conference and addressed in the prehearing summary.  Untimely motions will be denied.  Finally, the motions will be required

to identify and support the specific FOIA and OMA exemptions that would allow the Tribunal to conduct a portion of a hearing as a closed session, as indicated above. Failure to identify or support the identified FOIA and OMA exemptions will result in the denial of the motions. [*New Procedure for Protection*, p 2.]

In July 22, in an order denying intervening respondent's motion to modify or clarify the parties' protective order, granted pursuant to MCR 2.302(C)(8), the MTT stated:

> If the parties reach an agreement as to how documents/information will be treated during the discovery process, there is no need for the Tribunal to be involved as these documents are not submitted to the Tribunal. It is only when confidential documents/information are submitted to the Tribunal or when the documents/information are discussed at a hearing that they become a public record in the Tribunal's possession and the Tribunal must determine whether the documents are subject to FOIA or whether a hearing must be closed.

> Intervening Respondent contends that "an agreement between the parties for discovery purposes does not supplant FOIA or OMA and the agreement cannot supersede the discretion exercised by the Tribunal." The Tribunal agrees. It is because an agreement between the parties, and for that matter a Tribunal Order, may not supplant FOIA or OMA that the Tribunal issued the Newsletter [2021-14]. As stated in the Newsletter, the Tribunal had previously misapplied the Court's decision in *Herald Company*.

Petitioner moved for partial reconsideration of this order, arguing that the MTT again overlooked this Court's holding in *Herald Co*. Petitioner took issue with the MTT's position that, on the basis of MTT Newsletter 2021-14, the MTT could only maintain confidential documents under seal if a FOIA exemption applied. Petitioner argued that MTT Newsletter 2021-14 overlooked the fact that our decision in *Herald Co*, 258 Mich App at 90, provided that a party may seek a protective order under MCR 2.302(C) to protect confidential information as a path "separate and distinct" from FOIA exemptions. Petitioner requested that the MTT amend the order to clarify this point. The MTT issued an order that only partially granted petitioner's motion, stating that petitioner's claims regarding the MTT's application of *Herald Co* were "more appropriately characterized as a difference in the interpretation of that decision." The MTT issued another order a week later ordering petitioner to provide the MTT and respondents with the confidential documents in order for the MTT to conduct an *in camera* review. Petitioner moved for reconsideration of both of orders.

In November 2022, the MTT issued an order denying and partially granting petitioner's motions for reconsideration. The MTT held that a protective order issued by the MTT under MCR 2.302(C)(8) does *not* protect the confidential information at issue from disclosure under FOIA because the MTT is in the executive, not judicial, branch of government and, therefore, must comply with *all* the requirements of FOIA. In short, the MTT held that if "an applicable [FOIA] exemption does not exist [for the confidential information], the Tribunal is required to release the information."

First, petitioner challenges the MTT's statement that "it appears that Petitioner refuses to accept the Tribunal's position that while a protective order may be issued under MCR 2.302(C), that order will not protect the information from disclosure should the Tribunal, Respondent, or Intervenor-Respondent receive a FOIA request for the information." Petitioner argues that this ruling is in conflict with this Court's holding in *Herald Co*, 258 Mich App at 88, that "it is disingenuous to grant a taxpayer confidentiality at the assessment level and then to revoke that confidentiality when the taxpayer appeals a tax determination before the MTT." Second, petitioner argues that the MTT erred by failing to recognize the "separate and distinct" paths to protecting confidential information designated by this Court in *Herald Co*, 258 Mich App at 90. More specifically, petitioner challenges the MTT's following statement:

> While it is true that the court rule [MCR 2.302(C)] and the statute [FOIA] each have a separate "path," it is also true that each has its own destination. In other words, under MCR 2.302(C)(8) a protective order is issued because the information is "a trade secret or other confidential research, development, or commercial information . . . ." If the Tribunal were a court under the judicial branch of government, a protective order would be all that would be required, and this would be the end of the story, or the "destination." However, because the Tribunal is in the executive branch, it must also comply with the requirements of FOIA. ln other words, it cannot be assumed that information protected under MCR 2.302(C)(8) is automatically exempt under FOIA. To determine the "destination" under FOIA, the tribunal is required to review the information subject to a protective order to determine whether there is an applicable FOIA exemption. *If an applicable exemption does not exist, the Tribunal is required to release the information.* [Emphasis added.]

This Court noted that the parties in *Herald Co* did not request a confidentiality determination under MCR 2.302(C)(8) or MCL 24.273, which were two paths toward confidentiality that were "separate and distinct" from the FOIA exemption, but, if they had done so, then the MTT "would have had to determine the scope and breadth of confidentiality when deciding whether to issue a protective order, in much the same manner as an FOIA exemption, before going into closed session." *Herald Co*, 258 Mich App at 90. In other words, MCR 2.302(C)(8) and MCL 24.273 provided alternate methods, *separate and distinct* from FOIA, for exempting records in the possession of the MTT from public disclosure. See *Herald Co*, 258 Mich App at 90.

Respondent and intervening respondent argue that petitioner's claim that our holding in *Herald Co* provides for "separate and distinct" paths to confidentiality erroneously implies that FOIA does not apply to the MTT or, if it does, the MTT may disregard FOIA. However, this Court recognized in *Herald Co*, 258 Mich App at 84 n 4, that there "is no dispute that defendant MTT is a public body subject to both the OMA and the FOIA." Chapter 205 of the TTA provides that the MTT "is a quasi-judicial agency." MCL 205.721(1). Generally, FOIA does not limit a court's discretion to seal documents so long as that discretion falls within the principled range of outcomes. See *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 467; 719 NW2d 19 (2006) (stating that "appellate courts must review the trial court's discretionary determinations in FOIA cases . . . for an abuse of discretion . . . define[d] as a determination that is outside the

principled range of outcomes"). As such, the MTT's authority to issue protective orders under MCR 2.302 should not be limited by whether an applicable FOIA exemption applies.

Petitioner also argues that the MTT's ruling contravenes the MTT's own rules as well as the TTA, which in turn harms taxpayers. In its order, the MTT stated that if it "were a court under the judicial branch of government, a protective order would be all that would be required, and this would be the end of the story. . . . However, because the Tribunal is in the executive branch, it must also comply with the requirements of FOIA" and, therefore, "is required to review the information subject to a protective order to determine whether there is an applicable FOIA exemption." Notably, Chapter 205 of the TTA provides that the MTT "is a *quasi-judicial agency* which, *for administrative purposes only*, is in the department of licensing and regulatory affairs [the executive branch]." MCL 205.721(1) (emphasis added). The TTA also provides that the powers of the MTT include quasi-judicial actions such as "[a]ffirming, reversing, modifying, or remanding a final decision" of an agency and "[g]ranting other relief or issuing writs orders, or directives that it deems necessary or appropriate in the process of disposition of a matter over which it may acquire jurisdiction." MCL 205.732(a), (c). The MTT has "exclusive and original jurisdiction" over proceedings for review of a decision relating to the "assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state" and once "its jurisdiction is properly invoked, the Tax Tribunal possesses the same powers and duties" as those assigned to a "board of review." MCL 205.731; *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 524; 817 NW2d 548 (2012).

The TTRs provide that if an applicable MTT rule does not exist, then the Michigan Court Rules and the APA shall govern. TTR 215; Mich Admin Code, R 792.10215. As this Court concluded in *Herald Co*, 258 Mich App at 88-89, there is no MTT rule governing protective orders; therefore, MCR 2.302 and MCL 24.273 of the APA shall govern. Chapter 24 of the APA provides that an "agency shall not adopt a guideline in lieu of a rule." MCL 24.226. Accordingly, the MTT's unique position as a quasi-judicial agency with exclusive jurisdiction over tax appeal proceedings implies that information in the possession of the MTT that is protected under MCR 2.302(C)(8) should be protected from public disclosure regardless of whether an applicable FOIA exemption exists.

Therefore, the MTT's ruling that it was "required" to release confidential information protected under the Michigan Court Rules without an applicable FOIA exemption was an abuse of discretion outside the range of reasonable and principled outcomes. See *Sanders*, 323 Mich App at 264.

## II. OMA'S APPLICATION TO MTT PROCEEDINGS

Petitioner also argues that, because the TTA provides that it is possible for a single MTT member to conduct a hearing, the MTT is not a "public body" under OMA, and therefore, the MTT is not subject to the OMA's "closed session" rules. We disagree.

Chapter 205 of the TTA provides that the MTT "may appoint *1 or more* officers to hold hearings" and that a "proposed decision of a hearing officer or referee shall be considered and decided by *1 or more* members of the tribunal." MCL 205.726 (emphasis added). The TTA also

provides that all hearings conducted by the MTT are subject to OMA.[3]  MCL 205.726.  Chapter 15 of OMA defines "public body" as

> any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, that is empowered by state constitution, *statute*, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function; a lessee of such a body performing an essential public purpose and function pursuant to the lease agreement . . . .  [MCL 15.262(a) (emphasis added).]

The Michigan Supreme Court defines a "public body" under OMA to mean a collective entity, not an individual:

> As used in the OMA, the term "public body" connotes a collective entity. The statutory terms used illustratively to define "public body"—"legislative body" and "governing body"—do not encompass individuals.  A single individual is not commonly understood to be akin to a "board," "commission," "committee," "subcommittee," "authority," or "council"—the bodies specifically listed in the act by the Legislature.  We draw additional comfort in our construction of the OMA because the Legislature is certainly free to define, and has, in fact, defined elsewhere, the term "public body" in such a way as to encompass individuals. However, it would be awkward, to say the least, to apply the OMA to an individual. Perhaps the strongest common-sense basis for concluding that an individual was not contemplated by the Legislature as a "public body" is to consider how odd a concept it would be to require an individual to "deliberate" in an open meeting. . . . Thus, we conclude that an individual executive acting in his executive capacity is not a public body for the purposes of the OMA.  [*Herald Co v Bay City*, 463 Mich 111, 129-130; 614 NW2d 873 (2000).]

OMA defines a "closed session" as "a meeting or part of a meeting of a public body that is closed to the public."  MCL 15.262(c).  Chapter 15 of OMA provides that "a public body may meet in a closed session" to "consider material exempt from discussion or disclosure by state or federal statute."  MCL 15.268(h).  "To further the purpose of the OMA, its requirements are interpreted broadly and its exemptions are interpreted narrowly."  *Herald Co*, 258 Mich App at 85.

In petitioner's October 2022 motion for reconsideration, it argued that the rules of a closed session under OMA should not apply to a single MTT judge addressing confidentiality protections under either MCR 2.302 or FOIA, because only a public body may make these determinations,

---

[3] The TTA provides that all hearings, "except as otherwise provided in chapter 6," shall be conducted pursuant to the APA and OMA.  MCL 205.276.  Chapter 6 of the TTA concerns the residential property and small claims division of the MTT, see MCL 205.761, which are not at issue here.

and therefore, the MTT's previous orders issued on the basis of the requirements of an OMA closed session should be modified accordingly.

In its order denying petitioner's motion, the MTT stated that it disagreed with petitioner's interpretation because OMA defines "public body" as any "governing body" that "is empowered by . . . *statute*." MCL 15.262(a) (emphasis added). The TTA provides that the MTT "is a quasi-judicial agency," MCL 205.721(1), consisting "of 7 members," MCL 205.721(2), and may "appoint *1 or more* officers to hold hearings," MCL 205.726 (emphasis added). Therefore, the Tax Tribunal Act provides that while the Tribunal consists of seven members, one Tribunal member may hear and decide proceedings. This would, in turn, include deciding all issues involving a hearing, including determining whether to close the hearing under the OMA.

Although the MTT may exercise its discretion to appoint a single hearing officer to hold a hearing, the TTA still provides that *all* hearings, regardless of the number of hearing officers, are subject to OMA. MCL 205.726. "[A] clear and unambiguous statute leaves no room for judicial construction or interpretation." *Harris*, 499 Mich at 345 (quotation marks and citation omitted). Therefore, the MTT did not abuse its discretion by finding that the OMA's "closed session" rules can apply to a single-member tribunal proceeding.

Reversed in part and affirmed in part. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney